UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Amardeep Malhotra a/k/a
Eddie Malhotra,

                                Debtor.

-------------------------------------------------------x

Chapter 7

Case No. 23-70817-ast

### ORDER DENYING MOTION TO EXTEND TIME TO APPEAL

Before the Court is Debtor Amardeep's ("Debtor") Motion to Extend Time to Appeal Under Rule 8002(d), dated October 16, 2024, (the "Motion") [Dkt. 160]. On November 5, 2024, Kenneth P. Silverman, the Chapter 7 Trustee (the "Trustee"), filed an objection to the Motion [Dkt. 179]. The Court held a hearing on the Motion on November 12, 2024, the record of which is incorporated by reference herein. For the reasons to follow, the Motion is denied.

### *Factual Background*

In his Motion, Debtor seeks to extend his time to appeal this Court's Order entered on September 19, 2024, Approving Stipulation By and Between Trustee and Blue Castle (Cayman) LTD. pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Code Section 105 ("9019 Order") [Dkt. 159]. That 9019 Order was entered pursuant to the Trustee's Motion Seeking Approval of Settlement Agreement by and between the Trustee and Blue Castle (Cayman) Ltd., filed August 6, 2024 [Dkt. 144] ("Trustee's Motion").

The Trustee's Motion was served to Debtor via first class mail at 7 Hickory Drive, Glen Head, NY 11545 ("Hickory Address") [Dkt. 145].

The time to appeal the 9019 Order ran on October 3, 2024. *See* Fed. R. Bankr. P. 8002(a)(1).

Thirteen days after the appeal deadline ran, on October 16, 2024, Debtor filed the instant Motion [Dkt. 160].

*Analysis*

Under Federal Rules of Bankruptcy Procedure Rule 8002(a)(1), a "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). "The time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status[,]" and as such must be strictly enforced. *In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017). However, under Rule 8002(d), "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed . . . within 21 days after [the Rule 8002(a) deadline], if the party shows excusable neglect." FED. R. BANKR. P. 8002(d).

A finding of excusable neglect is an "equitable determination that should incorporate all relevant factors, including i) danger of prejudice to the non-movant; ii) length of delay and its potential impact on judicial proceedings; iii) the reason for the delay, including whether it was within the reasonable control of the movant; and iv) whether the movant acted in good faith." *In re Hongjun Sun*, 323 B.R. 561, 564 (Bankr. E.D.N.Y. 2005) (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In the Second Circuit, "the reason for the delay, is given 'more weight than the other Pioneer factors.'" *In re DeMartino*, 484 B.R. 550, 556 (Bankr. E.D.N.Y. 2012), aff'd, No. 09-40443 JF, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014).

While Debtor filed his appeal within the time frame of Rule 8002(d), the only cognizable argument of excusable neglect asserted by Debtor for his failure to timely appeal the 9019 Order as proscribed by Rule 8002(a) is an allegation that the Trustee did not properly serve him with

Trustee's Motion. However, this is not correct nor is it the first time Debtor has made an allegation of improper service to avoid the impact of an Order of this Court.

On October 23, 2024, Debtor filed a letter titled "Re: Notification of Identity Theft and Request for Investigation" [Dkt. 172]. The letter sought reconsideration of this Court's Orders (i) Denying Debtor's Discharge and Granting Judgement Against Debtor in Favor of the Chapter 7 Trustee [Dkt. 169] and (ii) Denying Debtor's Motions Seeking to Convert the Case from Chapter 7 to 11 and Additional Relief [Dkt. 171] (the "Motion to Reconsider"). Debtor argued that due to alleged identity theft on July 20, 2023, his address was changed to 7 Liberty Avenue, Hicksville, NY 11801 (the "Liberty Address").

On November 6, 2024, this Court entered an Order Denying Debtor's Motion to Reconsider, which explicitly found that (i) there was nothing in the CM/ECF record prior to the Motion to Reconsider concerning the Liberty Address as a service address for Debtor, and (ii) Debtor conceded the Hickory Address as his correct mailing address [Dkt. 180].

Like in the pleadings leading to Debtor's Motion to Reconsider, the Trustee's Motion here was properly served on Debtor at the Hickory Address. Debtor provides no other explanation for why service would be improper.

Further, Debtor cannot show that his motion was filed in good faith. This case has generally been plagued with Debtor's consistent failure to comply with the bankruptcy process, requests of the Trustee, and Orders of the Court, as well as numerous frivolous filings of Debtor. This Court previously held Debtor in civil contempt and later denied Debtor's discharge due to his persistent contumacious conduct.  In fact, "[c]ompletely denying a debtor his discharge . . .  is an extreme

step and should not be taken lightly;" a step that this Court has already found necessary. *Rosen v. Bezner (In re Rosen)*, 996 F.2d 1527, 1531 (3d Cir. 1993); [Dkt. 180].

Thus, Debtor received due and proper notice of Trustee's Motion and the 9019 Order. He has failed to demonstrate any denial of substantive or procedural due process or to meet his burden to establish excusable neglect. As such, it is hereby

**ORDERED,** that Debtor's Motion seeking an extension of the deadline to appeal the 9019 Order is denied in its entirety.



Dated: December 18, 2024
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge